Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
DEC 26 2013
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| CHRISTINA ALVAREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, a limited liability company; TRANS UNION LLC, a limited liability corporation; WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: ED-CV-13-00727-JGB-DTBx<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1) This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorney's fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Federal Fair Credit Reporting Act "FCRA").

//

## II. PARTIES

2) Plaintiff CHRISTINA ALVAREZ is a natural person residing in the State of California, County of Riverside.

3) Defendant EQUIFAX INFORMATION SERVICES, LLC, at all times relevant was a limited liability company doing business in Riverside County, California operating from an address at 1550 PEACHTREE STREET NW, H46, ATLANTA, GA 30309. EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract from monetary compensation.

4) Defendant TRANS UNION LLC at all times relevant was a limited liability corporation doing business in Riverside County, California operating from an address at 555 W ADAMS ST., CHICAGO, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract from monetary compensation.

5) Defendant WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES at all times relevant was a company authorized to conduct business in California, operating from an address at 4751 Wilshire Blvd., Suite 100, Los Angeles, CA 90010.

6) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-

2
FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

### III. FACTUAL ALLEGATIONS

7) Plaintiff was a co-signer on a loan ("the Loan") for a vehicle ("the Vehicle").

8) The vehicle was in an accident and deemed a total loss.

9) Plaintiff's insurance paid the balance of the Loan.

10) After the Loan was paid off, WESTLAKE attempted collection.

11) Plaintiff disputed the collection amount with WESTLAKE.

12) WESTLAKE sent Plaintiff the billing information from another unrelated customer to substantiate the charges it claimed Plaintiff owed.

13) WESTLAKE then sent Plaintiff a letter stating that if she made a payment of a certain amount it would consider the account settled and update her credit report.

14) Although Plaintiff disputed owing anything further, she paid the exact amount requested.

15) Following the payment, WESTLAKE submitted false information to Plaintiff's credit reports claiming that Plaintiff's Loan was a) a charge-off, b) in collections, c) delinquent, and d) payments were missed ("the false information").

16) The false information was not accurate as the Loan was never charged-off nor in collections.

17) Plaintiff had remitted all payments satisfactorily for the entire life of the loan until it was paid in full.

18) Plaintiff disputed owing any past due balance and had further paid the exact amount requested by WESTLAKE.

19) Defendant WESTLAKE furnished the false information to Defendants EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION LLC (the "CRAs").

20) Plaintiff disputed the false information with WESTLAKE and the CRA's in writing multiple times.

21) WESTLAKE and the CRA's failed to conduct reasonable investigations into the disputes alleged by Plaintiff.

22) The CRA's negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

23) The CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

24) As a result of Defendants' conduct, Plaintiff was unable to obtain a home loan, lost a $1,000 deposit, and incurred charges for sending faxes and certified mail.

25) Plaintiff further suffered damage to her credit worthiness and extreme emotional distress.

## IV. FIRST CAUSE OF ACTION
### (Against the Defendants for Violations of the FCRA)

26) Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

27) The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

28) The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to WESTLAKE; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

29) WESTLAKE violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully corrects its own internal records to

prevent the re-reporting of the false information o the CRAs.

30) The Defendants' unlawful conduct damaged Plaintiff as referenced above.

31) The Defendants' unlawful conduct was willful.

32) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

33) Plaintiff is further entitled to recover costs and attorneys' fees from the CRAs pursuant to 15 U.S.C. §§1681n and/or 1681o.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;

(b) Punitive damages;

(c) Statutory damages pursuant to 15 U.S.C. §1681n;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and/or 1681o; and

(e) For such other and further relief as the Court may deem just and proper including but not limited to an order to correct the inaccurate credit information.

Date: 12/23, 2013

Jeremy S. Golden
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: 12/23, 2013

Jeremy S. Golden
Attorney for Plaintiff